# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>Debtors. | PROMESA Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO<br><br>-and-<br><br>PUERTO RICO HIGHWAYS AND TRANSPORTATION AUTHORITY,<br><br>Debtors. | PROMESA Title III<br><br>No. 17 BK 3283-LTS<br><br>No. 17 BK 3567-LTS |
| THE COMMONWEALTH OF PUERTO RICO *ex rel.*, MESSO, LLC<br><br>Plaintiffs,<br><br>v.<br><br>FIRST TRANSIT OF PUERTO RICO, *et al.*,<br><br>Defendants. | Adv. Proc. No. _____<br>in 17 BK 3567-LTS |

**NOTICE OF REMOVAL**

1

**TO THE HONORABLE COURT**:

First Transit of Puerto Rico, Inc. ("First Transit"), hereby removes the following action to the Title III proceedings pending in the United States District Court for the District of Puerto Rico: *Commonwealth of Puerto Rico ex rel., Messo, LLC v. First Transit of Puerto Rico, et al.*, filed in the Commonwealth of Puerto Rico Court of First Instance, San Juan Superior Court (the "Commonwealth Superior Court") on August 11, 2025 (the "Civil Action"). *See*, **Exhibit A.**

This removal is made on the basis of diversity jurisdiction pursuant to 28 U.S.C. §§ 1332(a), 1441(a)–(b), and 1446, as well as under section 306(d)(1) of the Puerto Rico Oversight, Management, and Economic Stability Act ("PROMESA"), 48 U.S.C. § 2166, and Federal Rule of Bankruptcy Procedure 9027(a)(3). Service of summons on First Transit was completed on January 12, 2026. *See*, **Exhibit B.**

In support of this removal action, First Transit respectfully states and prays as follows:

## I. FACTS SUPPORTING REMOVAL

### A. Civil Action

1. Plaintiff, MESSO, LLC, appeared before the Commonwealth Superior Court on behalf of and for the benefit of the *Puerto Rico Highways and Transportation Administration* ("PRHTA"), acting as a purported relator in a *qui tam* fraud action allegedly authorized under the Puerto Rico Fraudulent Claims statute ("*Ley de Reclamaciones Fraudulentas a los Programas, Contratos y Servicios del Gobierno de Puerto Rico"*) 32 L.P.R.A. §§ 2931 et seq., (hereinafter, "Act No. 154-2018").[1]

---

[1] The Complaint was filed under restricted access and designated as "Confidential" by MESSO, LLC. The case docket is likewise restricted. The Spanish-language version of the Complaint is attached. A certified English translation of the Complaint will be filed within fourteen (14) days.

2

2. Plaintiff filed this action in the Court of First Instance of Puerto Rico asserting claims under Puerto Rico law stemming from a public transportation services contract between the PRHTA and First Transit.

3. Plaintiff alleges that First Transit improperly billed PRHTA for certain transportation-related services and contractual charges.

4. The Complaint in the Civil Action challenges the parties' contractual arrangements, amendments, and compensation structure related to the operation of several public transportation bus routes.

5. Plaintiff further alleges that First Transit lacked certain licenses or authorizations related to the leasing and sale of buses, and that PRHTA paid for bus-related rental costs after title to certain leased vehicles had transferred to the PRHTA.

6. The Complaint also contests several contract amendments, asserting they were executed without competitive procurement and resulted in increased compensation and that First Transit and PRHTA failed to comply with certain contractual reporting requirements while continuing to submit invoices.

7. Plaintiff further alleges that a contract awarded by the PRHTA's to First Transit in 2022, following a Request of Proposal process, was nullified by the Puerto Rico Supreme Court in *Transporte Sonell, LLC v. Junta de Subastas de la Autoridad de Carreteras y Transportación de Puerto Rico, First Transit PR, Inc.*, 2024 TSPR 82 (July 24, 2024).

8. Based on these and other similar allegations, Plaintiff seeks substantial monetary damages, civil penalties, and restitution of public funds totaling nearly $85 million.

### B. Diversity of Jurisdiction Exists Between the Parties

9. The PRHTA is a public corporation that can be a citizen for purposes of diversity jurisdiction and is a citizen of Puerto Rico. *See, Autoridad de Carreteras y Transportacion v. Transcore Atl., Inc.*, 128 F. Supp. 3d 485, 485 (D.P.R. 2015) (case initiated by PRHTA in Puerto Rico court was removed to this court).

10. The Plaintiff is a Limited Liability Company operating and existing under the laws of the Commonwealth of Puerto Rico and is a citizen of Puerto Rico.

11. First Transit and all other defendants are not citizens of Puerto Rico.

## II. BASES FOR REMOVAL

12. First Transit removes this matter on two separate and independent bases: (1) removal based on diversity jurisdiction under 28 U.S.C. §§ 1332, 1441, and 1446; and (2) removal under PROMESA, 48 U.S.C. § 2166.

### A. Removal Based on Diversity Jurisdiction

13. It is well settled that a State is not considered a "citizen" for purposes of diversity jurisdiction under 28 U.S.C. § 1332. Because diversity jurisdiction is limited to controversies between citizens, the presence of a State as a party ordinarily defeats diversity. The Supreme Court has stated this proposition repeatedly. "There is no question that a State is not a 'citizen' for purposes of the diversity jurisdiction. That proposition has been established at least since this Court's decision in *Postal Telegraph Cable Co. v. Alabama*." *Moor v. County of Alameda*, 411 U.S. 693, 717 (1973). "A state is not a citizen. And, under the judiciary acts of the United States, it is well settled that a suit between a state and a citizen or a corporation of another state is not between citizens of different states; and that the Circuit Court of the United States has no

4

jurisdiction of it, unless it arises under the Constitution, laws, or treaties of the United States." *Postal Telegraph Cable Co. v. Alabama*, 155 U.S. 482, 487 (1894).

14. The case law, however, recognizes an important distinction between a State itself and other governmental entities. Political subdivisions and certain public corporations may qualify as citizens for diversity purposes where they are not simply an arm or alter ego of the State. As the Supreme Court explained, "At the same time, however, this Court has recognized that a political subdivision of a State, unless it is simply 'the arm or alter ego of the State,' is a citizen of the State for diversity purposes." *County of Alameda*, 411 U.S. at 717. Consistent with that principle, courts have treated public corporations or instrumentalities as citizens where they possess a distinct legal identity and sufficient independence. *Moss v. Calumet Paving Co.*, 201 F. Supp. 426, 431 (1962).

15. Whether a public corporation is an alter ego of the State is not resolved by labels alone, but by a multi-factor inquiry. The First Circuit has recognized that the analysis considers multiple indicia of legal status and autonomy: "[T]here are many factors to consider in determining whether an agency is the alter ego of the state including: (1) whether state statutes and case law characterize the agency as an arm of the state; (2) the source of entity funding; (3) the degree of local autonomy; (4) whether the entity is concerned primarily with local, as opposed to statewide problems; (5) the authority to sue and be sued in its own name; and (6) the right to hold and use property. Typically, some factors will suggest that the agency is a 'citizen,' while others will suggest that it is the alter ego of the state*." PYCA Industries v. Harrison County Waste Water Management Dist.*, 81 F.2d 1412 (1st Cir. 1996). Under that framework, a public corporation such as the PRHTA may be treated as a citizen of Puerto Rico for diversity purposes, provided it is not

5

merely the Commonwealth's arm or alter ego. *Autoridad de Carreteras y Transportación,* 128 F. Supp. 3d at 486.

16. As filed, First Transit acknowledges that the action is framed as being brought by the "Government" as plaintiff, rather than under the name of the public corporation whose interests and statutory authority are at issue. That framing creates the central question for removal purposes: whether, notwithstanding the caption, the public corporation is the proper plaintiff and real party in interest in this action such that its citizenship controls the diversity analysis. The statutory structure supports that conclusion. The statute provides that the action must be filed on behalf of or in the name of the "Government," and the term "Government" is defined in Section (K) of Art. 1.2 to include not only the government of the Commonwealth but also any municipality, instrumentality, or *public corporation*. The statute further provides that the action for recovery must be filed on behalf of the "Government." Read as a whole, that structure recognizes that a public corporation included within the statutory definition of "Government" is among the entities authorized to bring suit and to pursue recovery under the statute.

17. The statutory structure explains why the caption references the "Government" without making the Commonwealth the real plaintiff. The statute requires that the action be filed on behalf of or in the name of the "Government," and it defines "Government" in Section (K) of Art. 1.2 to include not only the government of the Commonwealth, but also any municipality, instrumentality, or public corporation. 32 LPRA § 2931a(k). The recovery action is likewise authorized to be filed on behalf of the "Government." 32 LPRA § 2934a. Thus, the statute's use of "Government" is a defined term of art that expressly incorporates public corporations within its scope, without implying the Commonwealth is the party to the instant litigation.

6

18. Accordingly, the inclusion of the "Government" in the caption does not reflect that the Commonwealth is the party appearing as plaintiff. It reflects the statutory drafting choice to use "Government" as an umbrella label that, by definition, encompasses the PRHTA as a public corporation. In this case, the plaintiff identified under that umbrella is the public corporation: it is the entity pursuing the claim and whose interests, operations, and alleged losses are being vindicated. The "Government" is referenced only because the statute defines "Government" broadly enough to include the public corporations; that definitional breadth does not convert every action filed "on behalf of the Government" into an action by the Commonwealth itself.

1. **Diversity of Citizenship exists**

19. 28 U.S.C. § 1332 provides that the "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000 . . . and is between (1) citizens of different States; [or] (2) citizens of a State and citizens of a foreign state."

20. This proceeding is between citizens of different States. The PRHTA, brings this action *ex rel.* MESSO, LLC, a limited liability company organized under the laws of the Commonwealth of Puerto Rico.

21. The PRHTA is a public corporation of the Commonwealth of Puerto Rico.

22. Defendant First Transit is a corporation created and organized under the laws of the State of Delaware with registration number 3660855. Said legal entity was authorized to conduct business in the Commonwealth of Puerto Rico as of June 26, 2003.

23. Thus, First Transit of Puerto Rico is a citizen of Delaware.

24. No other defendant is a citizen of Puerto Rico.

25. Accordingly, diversity of citizenship is met here.

7

    **2. The Amount in Controversy Is Met**

26.    The amount in controversy is more than $75,000.

27.    Here, if the Plaintiff and the PRHTA were successful in the Civil Action, they seek restitution exceeding $85 million. Such relief would necessarily impact the assets of the PRHTA, a public corporation and debtor, and would directly affect PRHTA's fiscal plan and financial condition. Accordingly, the value of the object of this litigation far exceeds the jurisdictional threshold.

28.    Thus, the amount in controversy is met, and this Court has diversity jurisdiction over this action.

    **B. Removal Based on PROMESA**

29.    In the alternative, this Court also has several bases for jurisdiction over this action under PROMESA.

30.    Section 306(b) of PROMESA provides that this Court has "exclusive jurisdiction of all property, wherever located, of the debtor as of the commencement of the case." 28 U.S.C. § 2166(b).

31.    The Civil Action seeks recovery of more than $85 million arising from payments made under a contract granted by the PRHTA since 2008 and amended until 2022, after the commencement of the PRHTA Title III proceedings in 2017.

32.    Such recovery would directly affect the assets of the debtor, PRHTA, as well as the fiscal plan and the plan of adjustment of the public corporation.

33.    Accordingly, the Civil Action seeks to exercise control over property of the debtor, and thus, this Court has exclusive jurisdiction over the action under 48 U.S.C. § 2166(b).

34. Furthermore, pursuant to Section 306(a)(2) of PROMESA, this Court has original but not exclusive subject-matter jurisdiction over claims or causes of action "arising in" or "related to" cases under PROMESA Title III. *See* 48 U.S.C. § 2166(a)(2).

35. The claims in the Civil Action are "related to" PRHTA's Title III case because they seek recovery exceeding $85 million tied to a PRTHA set of contracts and amendments.

36. Any determination as to those funds or the imposition of liability associated with them would plainly alter PRHTA's rights, liabilities, options, or freedom of action, as well as impact the handling and administration of the restructuring.

37. Thus, this Court has "related to" jurisdiction over this action under 48 U.S.C. § 2166(a)(2).

### C. Other Requirements for Removal Are Met

38. Removal is timely under 28 U.S.C. § 1446(b)(1) and Federal Rule of Bankruptcy Procedure 9027(a)(3) because this Notice is being filed within thirty (30) days after receipt by First Transit, the removing defendant of a copy of the initial pleading and summons in the Civil Action.

39. First Transit consents to entry of final orders or judgment by this Court in the Civil Action.

40. True and correct copies of all documents filed in the Civil Action that are available to First Transit, as well as the docket sheet, are attached hereto as confidential exhibits. Note that the case is filed under seal in the Commonwealth Superior Court and as a result First Transit has limited access to the case file.

41. First Transit will promptly serve a true and correct copy of this Notice of Removal upon counsel to the Plaintiff.

42. First Transit will promptly file a copy of this Notice of Removal with the Clerk of the Commonwealth Superior Court.

43. First Transit reserves all rights. Nothing herein should be construed as a waiver or relinquishment of any of First Transit's rights, defenses, or remedies.

44. The Civil Action is related to the Title III Cases for Puerto Rico (17-03283) (jointly administered under lead Case No. 17-03283).

45. First Transit has attached to this Notice of Removal as Exhibits A and B copies of all process documents and pleadings served upon them in the Civil Action. Note, the Exhibits contained herein do not include certified translations to such documents; a separate motion requesting leave to file such translations will be filed on this day.

46. Today, First Transit will serve written notice of this Notice of Removal on the Relator and will file a copy of the notice with the clerk of the Court of First Instance pursuant to 28 U.S.C. § 1446(d).

47. Venue is properly laid in this Court as the U.S. district court for the district in which the Civil Action is pending. 48 U.S.C. § 2166(d)(1).

48. Pursuant to 48 U.S.C. § 2166(d)(3) and Local Rule 3A of the United States District Court for the District of Puerto Rico, this case should be transferred to the Honorable Laura Taylor Swain as a proceeding related to *In re Commonwealth of Puerto Rico*, No. 17-bk-03283 (D.P.R.). *See, e.g., Voya*, 266 F. Supp. 3d at 599-600 (transferring to Judge Swain cases that were removed as related to the Title III Cases). Also, based on diversity jurisdiction, removal is proper to this U.S. District Court.

**WHEREFORE**, for the reasons stated above, First Transit respectfully requests that this Court: (1) accept removal of this action from the Commonwealth Superior Court to the United

10

States District Court for the District of Puerto Rico under diversity of jurisdiction and/or PROMESA; (2) assume jurisdiction over this action and all proceedings therein; (3) direct that all further proceedings occur in this Court unless and until the matter is remanded; and (4) grant such other and further relief as the Court deems just and proper.

**RESPECTFULLY SUBMITTED.**

**CERTIFICATE OF SERVICE:** We certify that on this same date we electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will automatically send notice of such filing to all attorneys of record, and pursuant to the Twentieth Amended Case Management Procedures, Case No. 17-03283 Dkt. No. 29627-1, via email to counsel to all "Standard Parties", and to Plaintiff's counsel via email to Carlos J. Sagardia Abreu cjsa@strategialegalepr.com and Alfonso Martínez Piovanetti alfonso@martinezpiovanetti.com. In Guaynabo, Puerto Rico, this 9th day of February 2026.

**DELGADO & FERNÁNDEZ, LLC**
T Mobile Center at San Patricio
B7 Tabonuco St., Suite 1000
Guaynabo, PR 00968
Tel. (787) 274-1414
Fax: (787) 764-8241

*s/ Alfredo Fernández Martínez*
**Alfredo Fernández Martínez**
USDC-PR No. 210511
afernandez@delgadofernandez.com

*s/ Carlos R. Baralt Suárez*
**Carlos R. Baralt Suárez**
USDC-PR No. 301510
cbaralt@delgadofernandez.com

*s/ Pedro A. Hernández Freire*
**Pedro A. Hernández Freire**
USDC-PR No. 231702
phernandez@delgadofernandez.com

*Attorneys for First Transit of Puerto Rico, Inc.*